MATTER OF PIJACA

In Deportation Proceedings

A-15822398

*Decided by Board May 3, 1966*

Motion to set aside the order of deportation and reopen proceedings to permit application for adjustment of status under the proviso to section 203(a)(7), Immigration and Nationality Act, as amended by P.L. 89-236, is denied since the determination as to whether an alien is entitled to the claimed preference classification under section 203(a)(7) shall be made by the district director and since a record of permanent residence as a refugee under section 203(a)(7) can be created only in accordance with the procedures established for section 245 of the Act, and respondent, a crewman, is statutorily ineligible for the benefits of section 245.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—After admission as a nonimmigrant under section 101(a)(15) of the Act remained for a longer time than permitted.

The case comes forward on motion requesting that the order of deportation be set aside and that the respondent be allowed to apply for adjustment of status under section 203(a)(7) of the Immigration and Nationality Act as amended on October 3, 1965 and for such other further relief as may be just and proper.

The record relates to a native and citizen of Yugoslavia, 35 years old, male, married, who last entered the United States at the port of New York on March 18, 1957, was admitted as a crewman, and has remained longer than permitted. Deportability has been established. On June 25, 1957 the special inquiry officer granted voluntary departure with the further order that if the alien failed to depart as required he be deported on the charge contained in the order to show cause. On December 3, 1958 we dismissed the appeal from an order of the special inquiry officer dated October 31, 1958 which denied a motion to apply for preexamination and the issuance

749

of a visa under section 15(a)(3) of Public Law 85-316 inasmuch as there was no showing that an immigration visa was available, and because section 15 applications under Public Law 85-316 were matters exclusively within the jurisdiction of the State Department.

In connection with the motion to reopen there has been submitted a Form I-485, application for status as permanent resident, which was filed on December 17, 1965. However, with regard to adjustment of status under section 245 of the Immigration and Nationality Act, the regulations, 8 CFR 245.4, provide that the determination as to whether an alien is entitled to the claimed preference status under section 203(a)(7) of the Act shall be made by the District Director and no appeal lies from his determination. Accordingly, this Board has no jurisdiction over the claimed preference under section 203(a)(7) of the Act. In addition, it may be pointed out, that the respondent, who entered as a crewman, is not eligible for adjustment of status pursuant to section 245 of the Immigration and Nationality Act, as amended.

However it is noted that the respondent's entry as a crewman occurred on March 18, 1957. Accordingly, under the provisions of section 244(f) of the Immigration and Nationality Act as amended by the Act of October 3, 1965, he appears eligible to file an application for suspension of deportation pursuant to section 244(a) of the Act. The case will be remanded for that purpose and for such other action as may appear appropriate.

ORDER: It is ordered that the case be remanded to permit the respondent to make application for suspension of deportation under the provisions of section 244 of the Immigration and Nationality Act as amended by the Act of October 3, 1965 and for such other action as may be appropriate.

It is further ordered that if discretionary relief is granted, the order of deportation be withdrawn.